### In re McLaren et al.

*(Supreme Court, Special Term, Schenectady County.* October 25, 1890.)

ELECTIONS—OFFICIAL BALLOTS—POLICE COMMISSIONERS.

Under Laws N. Y. 1870, c. 496, which provides that police commissioners for the village of West Troy shall be chosen at general elections, the county clerk must place the names of the candidates for that office on the official ballots which he prepares for the district in which the village is, according to the provisions for general elections made by the ballot reform law, (Laws N. Y. 1890, c. 262, §§ 1–37.)

Motion by Duncan McLaren and others to compel the county clerk of Albany county to correct omissions on ballots.

*Frank S. Black,* for motion. *Mark Cohen,* opposed.

LANDON, J. The question presented by this application is whether at the general election to be held in November the names of the candidates for the office of police commissioners for the village of West Troy should be upon the same ballot with the names of the candidates for state, county, and district offices, or upon a separate ballot. The first 37 sections of the ballot reform law (chapter 262, Laws 1890) prescribe and provide for a system of voting by ballot at general elections, among the main features of which are systematic nominations, official ballots, prepared, printed, and distributed under the direction of the county clerk, one ballot only to be cast by one voter, and only one ballot-box in which to deposit all the votes cast. The thirty-eighth section of the same act provides that "the provisions of this act shall apply to town and village elections except in the following particulars." Then follow numerous particulars, in which the scheme provided in the 37 previous sections of the act is reduced, modified, and narrowed in its proportions and methods, so as to be fitted to the smaller range of town and village elections. These excepted particulars do not apply to general elections. We thus in the same act find two systems,—one for general elections, and another for town and village elections. Whether the nominations and the official ballots are embraced in the one system or the other does not depend upon the nature of the office to be filled, but upon the election at which it is to be filled. Of course, a governor cannot be chosen at a town or village election, but police commissioners may be chosen at a general election if the statute so prescribe. The statute does so prescribe with reference to the commissioners of police for the village of West Troy. Chapter 496, Laws 1870. It follows, therefore, that the nominations of candidates for this office must be made and filed in accordance with the methods prescribed for general elections, and that the county clerk must place the duly-nominated candidates for these offices upon the official ballots which he prepares for the districts of West Troy. This construction makes the scheme of ballot reform law, so far as any question here presented enables us to judge, harmonious and complete. To hold that two elections—one the general election and the other a village election—must be carried on at the same time under two different methods, would introduce confusion and the evils which the act was designed to remove. The act must be so construed as to accomplish its purpose. It follows that the motion must be granted.